IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 2:18-00262-03

SHERRY GRAY

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion for compassionate release.  (ECF No. 137.)  Defendant requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). As grounds for relief, she states that her underlying health issues place her at increased risk of contracting a severe case of COVID-19.  For the following reasons, the court will deny the motion.

## I. Background

On April 10, 2019, defendant pleaded guilty to conspiracy to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 846.  On August 27, 2019, the court sentenced defendant to 109 months of imprisonment.  Per the Bureau of Prisons ("BOP") Inmate Locator, defendant's release date is June 26, 2026.  Defendant is currently incarcerated at FMC Lexington, where, as of June 6, 2022, there was one case of COVID-19 among

the inmate population and four cases among the staff. COVID-19 Coronavirus, Bureau of Prisons.[1]

Defendant is 60 years old. She suffers from the following health conditions: chronic obstructive pulmonary disease (COPD), deep venous thrombosis (DVT), cirrhosis of the liver due to alcohol, bipolar disorder, schizoaffective disorder, epilepsy, hypertension, and obesity. Defendant has contracted and recovered from COVID-19. She has been fully vaccinated against COVID-19. FMC Lexington has administered full vaccinations to 1,363 inmates.[2] Furthermore, BOP has offered booster shots to inmates.[3] There is no lack of vaccine availability for inmates at BOP facilities.

## II. Analysis

The First Step Act empowers criminal defendants to ask courts to grant them compassionate release pursuant to 18 U.S.C § 3582(c). But before they make such requests to the courts, defendants must first ask BOP via the administrative process and give BOP thirty days to respond. See id. § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after either BOP denies the request or thirty days has elapsed since the request

---

[1] Available at https://www.bop.gov/coronavirus/.

[2] Id.

[3] Id.

was filed), a court "may reduce the term of imprisonment." Id. § 3582(c)(1)(A)(i). Here, it appears that defendant has exhausted her administrative remedies.[4]

Three considerations guide district courts in determining whether relief is permissible under § 3582(c)(1)(A), and if so, whether it is warranted:

> First, the court determines whether extraordinary and compelling reasons support a sentence reduction. District courts are entitled to make their own independent determinations of what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A) and are thus empowered to consider any extraordinary and compelling reason for release that a defendant might raise. Second, the court considers whether granting a sentence reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission. Although there are no applicable policy statements that govern a defendant's motion for compassionate release, the policy statement at U.S. Sentencing Guidelines Manual § 1B1.13—which applies to compassionate release motions filed by the Bureau of Prisons—remains helpful guidance even when motions are filed by defendants. Third, the court must consider any applicable 18 U.S.C. § 3553(a) sentencing factors before deciding whether to exercise its discretion to reduce the defendant's sentence.

United States v. Colleton, No. 21-6015, 2022 WL 18500, at *1 (4th Cir. Jan. 3, 2022) (citations and internal quotation marks omitted) (emphasis added).

---

[4] This exhaustion requirement is non-jurisdictional "and thus waived if it is not timely raised." United States v. Muhammad, 16 F.4th 126, 129 (4th Cir. 2021).

Because there is no binding policy statement in this context, the second consideration—consistency with applicable Sentencing Commission policy statements—is not an independent prong of the analysis.  See United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020).  But the second consideration does not fall away completely because it is appropriate for district courts to consider § 1B1.13 of the Federal Sentencing Guidelines "in defining what should be considered an 'extraordinary and compelling circumstance' warranting a sentence reduction." United States v. Jenkins, 22 F.4th 162, 169 (4th Cir. 2021).

In other words, § 1B1.13 is folded into the first prong of the analysis as a non-binding definitional aid.  Id. at 169-70 ("Thus, the district court may consider any extraordinary and compelling reasons raised by the defendant as well as review § 1B1.13 to determine whether there is a sufficient 'extraordinary and compelling circumstance' warranting a sentence reduction."); see also United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("So while U.S.S.G. § 1B1.13 is not applicable to *defendant-filed* motions under § 3582(c), it defines, in the medical context, the same substantive term that applies to *BOP-filed* motions.  One might reasonably believe

therefore that the term 'extraordinary and compelling reasons' will be defined the same for *defendant-filed* motions.").[5]

---

[5] Comment 1 to U.S.S.G. § 1B1.13 states in relevant part as follows:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> . . . .
>
> (C) Family Circumstances.
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

Ultimately, then, the compassionate release analysis for a defendant-filed motion requires determining (1) whether there exist extraordinary and compelling reasons to make discretionary relief permissible; and (2) (if so) whether the sentencing factors in § 3553(a) counsel in favor of such relief.  See High, 997 F.3d at 186.  The court now turns to those two prongs, mindful that it is defendant's burden to establish her entitlement to relief.  See United States v. Edwards, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).  The court is also mindful that compassionate release is "an extraordinary and rare event." United States v. Mangarella, 3:06-cr-151-FDW-DCK-3, 2020 WL 1291835, *2-3 (W.D.N.C. Mar. 16, 2020).

Defendant's motion fails on both prongs.  On the first prong, defendant has not established extraordinary and compelling reasons for a sentence reduction.  Defendant's underlying health conditions alone are insufficient.  While those conditions place her at additional risk, the additional risk is insufficient in light of (1) the ready availability of COVID-19 vaccines; and (2) the fact that there are very few cases among the inmates and staff at FMC Lexington.  On the second prong, the sentencing factors, as applied to present

---

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

circumstances, do not counsel in favor of granting any sentence reduction. The present sentence remains sufficient but not greater than necessary to fulfill the purposes of sentencing.

    **a.    Extraordinary and Compelling Reasons**

The United States Court of Appeals for the Fourth Circuit has recognized that "arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19." High, 997 F.3d at 185.

In determining whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, courts have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility. See United States v. Brady, S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (citing and gathering cases). Thus, compassionate release motions amid the COVID-19 pandemic require a "fact-intensive" inquiry. See United States v. Shakur, No. 82 CR 312 (CSH), 2020 WL 1911224, at *1 (S.D.N.Y. Apr. 20, 2020).

**1. Medical Conditions and Severe COVID-19 Susceptibility**

Defendant argues that her underlying health conditions place her at severe risk of contracting a severe case of COVID-19. It is true has multiple health conditions that are on the CDC's list of conditions that can make a severe case of COVID-19 more likely.

She has not shown, however, that her risk of contracting a severe case of COVID-19 is particularly elevated at FMC Lexington. In fact, because there are so few cases among the inmates or staff there, she has hardly shown any risk. Moreover, defendant has both recovered from COVID-19 and has been fully vaccinated against it.

In light of the above, defendant's risk profile for a severe COVID-19 infection has been dramatically altered for the better. According to the CDC, being vaccinated makes it less likely to become infected: "COVID-19 vaccines are effective at preventing infection, serious illness, and death. Most people who get COVID-19 are unvaccinated." <u>The Possibility of COVID-19 after Vaccination: Breakthrough Infections</u>, Ctrs. for Disease Control & Prevention.[6] And even if a vaccinated person does get infected, the CDC says that he is far less likely to experience

---

[6] Available at https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html.

severe complications: "Fully vaccinated people with a vaccine breakthrough infection are less likely to develop serious illness than those who are unvaccinated and get COVID-19." Id.

The extraordinary circumstances analysis surrounding COVID-19 develops as the COVID-19 situation does, and the widespread availability of effective COVID-19 vaccines for federal inmates is a very significant development. See United States v. Kibble, 992 F.3d 326, 336 (4th Cir.), cert. denied, 142 S. Ct. 383 (2021) (Quattlebaum, J., concurring) ("The pace of vaccinations for COVID-19—including in prisons—is accelerating. For that and other reasons, the COVID-19 pandemic continues to evolve, seemingly improving but surely changing. Even so, we may still have occasion to grapple with the meaning of 'extraordinary and compelling reasons.'"). The Fourth Circuit has yet to squarely confront the argument for "a per se rule that would always preclude a finding of extraordinary and compelling reasons when the movant has been vaccinated." See United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (declining to resolve issue because not raised below).

It appears that the Sixth and Seventh Circuits have adopted something close to such a per se rule. See United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("Lemons's access to the COVID-19 vaccine substantially undermines his request for a sentence reduction. To that end, we agree with the Seventh

9

Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction.").

Even without such a per se rule, however, persuasive authority suggests that proving a particularized susceptibility to a severe case of COVID-19 in a post-vaccination world requires significantly more than it did in a pre-vaccination world. See United States v. Tatum, No. 3:19CR146 (DJN), 2022 WL 287695, at *4 (E.D. Va. Jan. 31, 2022) ("Courts have concluded that, because vaccination mitigates the risk of contracting COVID-19 and, in the case of breakthrough infections, protects against serious illness, vaccination weighs against a request for compassionate release.); United States v. Evans, No. 4:04-CR-00140-TLW, 2022 WL 286190, at *3 (D.S.C. Jan. 31, 2022) ("Defendant no longer constitutes an 'extraordinary and compelling reason' warranting release because Evans has been vaccinated against COVID-19."); United States v. Daniels, No. 1:03-CR-00083-MR, 2022 WL 256320, at *2 (W.D.N.C. Jan. 26, 2022) ("While the Defendant still faces some risk of infection, the fact that the Defendant faces a slight risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests."); United States v. Smith, No. 3:15CR101, 2021 WL 3641463, at *3 (E.D. Va. Aug. 17, 2021)

("Further, because the vaccine mitigates the risk of contracting COVID-19, the defendant must provide other evidence to establish an extraordinary and compelling reason for compassionate release based upon his concern about contracting the virus.").

Defendant has conditions that increase her risk of a severe case of COVID-19. But the COVID-19 vaccine has now profoundly mitigated the risks that those conditions pose. Vaccine availability[7] is at once very helpful to inmates seeking to avoid severe COVID-19 infections and very unhelpful to inmates' arguments for compassionate release based on COVID-19 susceptibility. The court acknowledges that cases may arise or the COVID-19 landscape may change such that a defendant may still show extraordinary and compelling reasons based on COVID-19 susceptibility. Having considered the totality of the circumstances here, however, the court finds that this case is not one of them.

For the reasons stated above, defendant has not shown that she has both a particularized susceptibility to a severe COVID-19 infection and a particularized risk of such infection such as

---

[7] It is the <u>availability</u> of the vaccine, not the fact that an individual defendant actually received it, that matters. <u>See</u> <u>Lemons</u>, 15 F.4th at 751. Thus, the analysis is the same regardless of whether an inmate has received or refused the vaccine (unless there is a compelling reason that he or she cannot receive the vaccine).

11

to amount to extraordinary and compelling reasons for compassionate release.

### a. Section 3553(a) Sentencing Factors

Even if the court were to conclude that defendant has presented an extraordinary and compelling reasons for release, the factors set forth in 18 U.S.C. § 3553(a) counsel against granting the discretionary relief that would then be permissible. These factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (v) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). Having reviewed the sentencing factors as they apply to defendant afresh, the court finds that granting defendant's motion for compassionate release would be inconsistent with them.

Defendant is serving a sentence of imprisonment for her significant involvement in extensive drug-trafficking activity that involved heroin, fentanyl, and large amounts of methamphetamine. The offense conduct here came not long after defendant received a lenient sentence in state court for similar conduct.

The sentence imposed remains necessary to reflect the seriousness of the offense and provide for a sufficient period of rehabilitation. It also remains necessary to protect the public from further crimes by this defendant. Given the extent of defendant's involvement in the drug trade, a sufficient period of incapacitation remains necessary. The sentence imposed remains necessary to provide just punishment for the serious offense and to deter others from similar conduct.

In sum, this court finds that granting defendant's motion for compassionate release would be inconsistent with the sentencing factors set forth in § 3553(a). The need to protect the public, promote respect for the law, provide just punishment, deter others from similar conduct, and ensure that defendant receives a sufficient period of rehabilitation substantially outweigh the arguments that defendant has made for her early release. Given the nature and circumstances of the offense and defendant's history and characteristics, a sentence of 109 months of imprisonment remains sufficient but not greater

13

than necessary to achieve the goals of sentencing, and a reduction of the magnitude that defendant seeks (or any reduction) would run counter to those objectives.

### III. Conclusion

Having considered the entire record in this matter, including the filings related to the instant motions, the court concludes that defendant has not presented extraordinary and compelling reasons that would justify her release.  Furthermore, even if such extraordinary and compelling circumstances were present, a sentence reduction would not serve the sentencing objectives of 18 U.S.C. § 3553(a).  Therefore, the court **DENIES** defendant's motion for compassionate release (ECF No. 137).

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 7th day of June, 2022.

ENTER:

David A. Faber
Senior United States District Judge